UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CENDEX CORPORATION            )
                              )
        Plaintiff,            )
                              )
    v.                        )    Case No. H00-2336
                              )
ROBERT AUSTER and             )
JANE AUSTER,                  )
        Defendants.           )
_____)

**CONSENT ORDER**

This matter is before the Court on the consent motion of plaintiff Cendex Corporation ("Cendex") and defendants Robert Auster and Jane Auster (the "Austers") for the entry of a consent order. Upon consideration of the Verified Complaint and the entire record herein, the Court:

**FINDS** that the Austers are former employees of Cendex who, during their employment with Cendex, participated in the development of some of the technologies that underlie Cendex's core business, including development of the first comprehensive business to business website for the packaging industry; and the Court

**FURTHER FINDS** that the underlying technologies (which include, for example, various source code, databases, software process flow diagrams, system diagrams, and data base architecture descriptions), along with accompanying business information (which include, for example, information related to Cendex's customer needs, potential business relationships, and business needs, and forward-looking forecasting information for the next twelve to eighteen months) and exist in both physical and electronic formats (collectively, 'Proprietary Information'), were acquired

or developed by Cendex at great expenditure of time, effort, and resources; and the Court

**FURTHER FINDS** that the Proprietary Information is not known to Cendex's competitors, and the possession or use of the Proprietary Information by a competitor would greatly enhance the competitor's ability to develop competitive programs, giving Cendex a valuable economic and business advantage over its competitors; and the Court

**FURTHER FINDS** that Cendex has taken efforts that are reasonable under the circumstances to maintain the secrecy of its Proprietary Information by handling the Proprietary Information in a way that was designed to prevent, and has prevented, the Proprietary Information from falling into the hands of potential competitors, such as limiting access to the Proprietary Information to a limited number of Cendex employees, user name and password protecting information, and locking the databases under particular circumstances; and the Court

**FURTHER FINDS**, that after Cendex terminated Robert Auster on July 27, 2000, Robert Auster, in conspiracy with Jane Auster, unlawfully and tortiously obtained Cendex's Proprietary Information by, among other things, accessing and emailing Proprietary Information to personal email accounts maintained by the Austers, which conduct constituted the misappropriation of Cendex's trade secrets, the conversion of Cendex's property, violated the terms of Robert Auster's severance agreement, violated the terms of the Austers' employment arrangements with Cendex, and violated the Virginia Uniform Trade Secrets Act, Va. Code § 59.1-336.

In light of these findings, it is by the Court,

**ORDERED**, that the Austers are hereafter and forever permanently enjoined from using for any purpose whatsoever Cendex's Proprietary Information; and it is

**FURTHER ORDERED**, that the Austers are hereafter and forever permanently enjoined from disclosing for any reason whatsoever Cendex's Proprietary Information; and it is

**FURTHER ORDERED**, that, simultaneously with the signing of this Consent Order, the Austers must return to Cendex all Proprietary Information in their possession; and it is

**FURTHER ORDERED**, that, simultaneously with the signing of this Consent Order, the Austers must provide Cendex with a sworn statement, signed under penalty of perjury, that includes the following information: (1) the server, identification or log-in name, and password of all personal email accounts maintained by the Austers ("Auster E-Mail Accounts"); (2) a description of, including the type, manufacturer, model number, and serial number, of all personal computer products (including by not limited to desk top computers, laptop computers, notebook computers, personal digital assistants, computer hard drives, floppy disk drives, zip drives, CD-ROMs, or any other internal or external device on which data may be stored) owned, controlled by, or in the possession of the Austers as of July 27, 2000 (the "Auster Computer Devices"); (3) the identity and description of any Cendex Proprietary Information that the Austers transmitted to any person not an employee of Cendex, or, if no such transfers were made, a statement to that effect; (4) the identity and description of any Cendex Proprietary Information presently remaining on any Auster

Computer Device, or if no such Cendex Proprietary Information remains on any Auster Computer Device, a sworn statement to that effect. The Austers will supplement the list of Auster Computer Devices for a period of one (1) year from the date of this Order to include any personal computer products that come under the Austers' possession, custody, or control during such time, and all such devices will be included as Auster Computer Devices, with the understanding that computers or personal computer devices that come within the Austers' control through their future employment, and which are owned by any future employer of Mr. and/or Ms. Auster, will not be included as Auster Computer Devices.

**FURTHER ORDERED**, that, to ensure that Cendex's Proprietary Information is not being misused, Cendex shall have the absolute and unlimited right to examine the Auster Computer Devices and absolute and unlimited right to examine and monitor the use of Auster E-Mail Accounts for a period of one year from the date that this Consent Order is entered by the Court by making the Auster E-Mail Accounts and Auster Computer Devices available for inspection and monitoring by Cendex within twenty-four hours of a request by Cendex that Cendex seeks to examine or otherwise monitor the Auster E-Mail Accounts or the Auster Computer Devices, and by executing any documents reasonably necessary to enable Cendex to conduct its examination and/or monitoring; and it is

**FURTHER ORDERED**, that, to further ensure that Cendex's Proprietary Information is not being misused, (1) within three days of obtaining any employment or entering into any consulting relationship, the Austers will inform Cendex of the name of the employer or the individual or entity with which the Austers

have entered the consulting relationship and the nature of the Austers work for the employer, individual, or entity; (2) within three days of the Austers temporarily or permanently changing their residence address from 5255 Columbia Road, Columbia, Maryland, 21044, the Austers will inform Cendex of their new residence address; and (3) that these notification provisions shall run for a period of one year from the date that this Consent Order is entered by the Court; and it is

**FURTHER ORDERED**, that this Consent Order shall not supersede or otherwise eliminate the obligations contained in any other agreement executed by the parties; and it is

**FURTHER ORDERED**, the Complaint is dismissed without prejudice. A violation of this Consent Order is punishable by all appropriate sanctions, including the entry of an order of contempt. In addition, in the event that the Court determines that a breach of this Consent Order has occurred, the breaching party will be required to pay the nonbreaching party its attorneys fees' and costs associated with bringing any motion to enforce the terms of this Consent Order. In the event Cendex uncovers a violation of this agreement, it shall be entitled to file a new action seeking the entry of any remedial order deemed just and proper by the Court, including but not limited to the entry of a temporary restraining order, a preliminary injunction, or an order of contempt, within three days after notice of a motion to enforce the terms of this Consent Order upon the Austers.

\\\DC - 80044/2 - #1153347 v3

CONSENTED AND AGREED TO:

_____    8/16/00
Robert Auster                     Date


_____    8/16/00
Jane Auster                       Date



CENDEX CORPORATION


By: _____    8/21/00
    Emily M. Yinger, Esquire      Date
    Hogan & Hartson L.L.P.
    8300 Greensboro Drive
    McLean, VA  22102
    (202) 637-6100
    Counsel to Cendex Corporation



**SO ORDERED**

_____    Sept 5, 2000
United States District Judge      Date

6

\\\DC - 80044/2 - #1153347 v3

Copies to:

Emily M. Yinger, Esquire
Hogan & Hartson L.L.P.
8300 Greensboro Drive
McLean, VA  22102

Robert Auster
5255 Columbia Road
Columbia, MD 21044

Jane Auster
5255 Columbia Road
Columbia, MD 21044

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CENDEX CORPORATION )
)
      Plaintiff, )
)
  v. ) Case No. H00-2336
)
ROBERT AUSTER and )
JANE AUSTER, )
      Defendants. )
_____)

## LINE

    Plaintiff Cendex Corporation hereby submits a revised Consent Order at the request of the Honorable Alexander Harvey, II to replace the Consent Order filed on August 14, 2000.

                              Respectfully Submitted,

                              Emily M. Yinger, Esq.
                              HOGAN & HARTSON L.L.P.
                              8300 Greensboro Drive, Suite 1100
                              McLean, VA 22102
                              (703) 610-6161

                              Counsel to Cendex Corporation